BENIGNO DÁVILA RAMOS, peticionario, *v.* GERARDO DELGADO, recurrido.

*Número:* AP-63-15      *Resuelto:* 21 de octubre de 1963

*Godofredo M. Gaetán,* abogado designado por el Tribunal Supremo para dar en apelación asistencia legal al peticionario; *J. B. Fernández Badillo, Procurador General,* y *Américo Serra, Procurador General Auxiliar,* abogados del recurrido.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

De acuerdo con el informe de detención (*return*) el peticionario fue condenado a cumplir las siguientes sentencias:

(1) Una sentencia de un año de presidio dictada el 8 de octubre de 1946 por la anterior Corte de Distrito de Caguas, en la causa criminal 1101, la cual fue corregida para ajustarla a las disposiciones de la Ley Núm. 295 de 10 de abril de 1946 sobre sentencias indeterminadas, según veremos más adelante.

(2) Una sentencia de un año de presidio dictada el 8 de octubre de 1946 por la anterior Corte de Distrito de Caguas en la causa criminal 1102, la cual también fue corregida por haberse cometido el error antes expuesto.

(3) Una sentencia de dos a catorce años de presidio dictada el 9 de octubre de 1946 por la anterior Corte de Distrito de Humacao en la causa criminal 20574 la cual dejó cumplida el peticionario el día 6 de mayo de 1957.

(4) Una sentencia de dos a catorce años de presidio dictada el 9 de octubre de 1946 por la anterior Corte de Districto de Humacao en la causa criminal 20575, la cual dejará cumplida el peticionario el día 6 de septiembre de 1966.

(5) Una sentencia enmendada de uno a cinco años de presidio dictada el 10 de octubre de 1946 por la anterior Corte de Distrito de Caguas en la causa criminal 1101, dictada en sustitución de la descrita bajo el número (1) la cual dejará cumplida el peticionario el día 5 de mayo de 1970.

(6) Una sentencia enmendada de uno a cinco años de presidio dictada el 10 de octubre de 1946 por la anterior Corte de Distrito de Caguas en la causa criminal 1102, dictada en sustitución de la descrita bajo el número (2), la cual dejará cumplida el peticionario el 5 de septiembre de 1977. Aparte de las sentencias detalladas bajo los números (3), (4), (5) y (6), que son en realidad de derecho, las que corresponden al estudio de la cuestión litigiosa planteada en esta apelación, el peticionario tiene pendientes de cumplir además, otras diez sentencias de presidio posteriores a las primeras, por el mismo delito de falsificación, las cuales dejará cumplidas en 5 de enero de 1985, y otras sentencias de cárcel que empezará a cumplir después de cumplir las de presidio y no se especifica en el informe de detención cuando dejará cumplidas estas últimas.

El peticionario se queja, en cuanto a las dos sentencias detalladas bajo los números (3) y (4), que el mismo día 9 de octubre de 1946, se radicaron las acusaciones, se procedió a la lectura de las acusaciones, el peticionario se declaró culpable en ambas acusaciones y la anterior Corte de Distrito de Humacao lo declaró culpable en ambas acusaciones y lo sentenció a cumplir en cada caso de dos a catorce años de presidio, habiendo tal rápida disposición lesionado su derecho a un juicio justo. Quizás, en un caso corriente, nos inclinaríamos a convenir con el peticionario que tal procedimiento puede producir una violación del debido proceso de Ley. Pero éste es un caso curioso en que la rápida disposición, en vez de perjudicar, lo que hace es favorecer el acusado.

Como hemos visto, el día anterior al del procedimiento

descrito, el 8 de octubre de 1946, en los casos detallados bajo los números (1) y (2), la anterior Corte de Distrito de Caguas había sentenciado al peticionario a cumplir un áño de presidio en cada uno de los dos casos de falsificación vistos ante dicha Corte. Si estas sentencias no hubieren resultado contrarias a las disposiciones de la recientemente aprobada Ley Núm. 295 de 10 de abril de 1946, al día siguiente 9 de octubre de 1946, el Fiscal de la anterior Corte de Distrito de Humacao hubiera podido presentar dos acusaciones por dos delitos de falsificación en grado subsiguiente, que hubiera aparejado en cada caso un mínimo de diez años. Según declara el propio peticionario, parece que el Fiscal de la anterior Corte de Districto de Humacao dudó de la legalidad de dichas sentencias. Esto explica por qué optó por presentar dos acusaciones por falsificación sin grado subsiguiente, que aparejaban en cada caso un mínimo de un año. Explica además, por qué la anterior Corte de Distrito de Caguas, al siguiente día de haber sido sentenciado el peticionario por la anterior Corte de Distrito de Humacao, o sea, el 10 de octubre de 1946, vuelve a dictar sentencia en los casos detallados bajo los números (1) y (2) condenando al peticionario a cumplir una sentencia indeterminada de uno a cinco años de presidio en cada caso.

Un procedimiento como el que tuvo efecto en la anterior Corte de Distrito de Humacao el 9 de octubre de 1946, no puede llevarse a cabo, a menos que el acusado consienta en que se le lea el mismo día la acusación presentada en igual fecha, esté conforme en declararse culpable y en que se le dicte sentencia el mismo día. El peticionario explica que él dio dicho consentimiento porque el Fiscal de la anterior Corte de Distrito de Humacao, quien lo mandó a buscar, le prometió conseguirle el mínimo y la concurrencia para ambos casos; que fue el propio Sr. Fiscal quien le nombró un abogado para que lo declarara culpable. Hemos hecho un detallado estudio de los autos completos del informe de detención, de los legajos de todos los recursos que ha presentado el peticionario en este

Tribunal y de las dos vistas celebradas en el Tribunal Superior de Puerto Rico, Sala de Humacao, y estamos convencidos que el hecho de encontrarse el peticionario en Humacao el 9 de octubre de 1946 se debió que el peticionario el día anterior fue remitido por la anterior Corte de Distrito de Caguas, a la Cárcel Común del Distrito de Humacao, en ruta hacia el Presidio Insular de Puerto Rico; que la oferta del mínimo y la concurrencia nunca le fue hecha al peticionario y su confusión en cuanto a este extremo, proviene más bien, de haber entendido, que el mínimo en una sentencia indeterminada es igual al mínimo de una sentencia fija; que el Lic. Rafael S. Vidal fue nombrado abogado de oficio por el ilustrado Juez que presidió el proceso.

Examinados los méritos de las dos causas, no se trata de causas en las cuales la extremada diligencia de un abogado hubiera podido lograr un resultado distinto.

*La sentencia del Tribunal Superior de Puerto Rico, Sala de Humacao, de fecha 9 de abril de 1962, será confirmada.*